W. Howard WELLS, Jr., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 91–255–1–MAC (DF).

United States District Court,
M.D. Georgia,
Macon Division.

Feb. 1, 1995.

---

724

Arthur Leister Phillips, Macon, GA, for W. Howard Wells, Jr.

Frank L. Butler, III, Macon, GA, James B. Thompson, Jr., U.S. Dept. of Justice, Tax Div., Janice L. Feldman, Dept. of Justice, Washington, DC, for U.S.

### ORDER

OWENS, District Judge.

Before the court is plaintiff's application for fees and other expenses pursuant to 26 U.S.C. § 7430. In his application, plaintiff seeks fees and expenses related to his representation in this matter by Arthur L. Phillips and Boone Smith. Judge Duross Fitzpatrick has recused himself from the consideration of plaintiff's application.

■ Section 7430 of Title 26 of the United States Code provides, in part: "In any administrative or court proceeding by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or settlement for .. reasonable litigation costs incurred in connection with such court proceeding." 26 U.S.C. § 7430(a)(2). "The term 'prevailing party' means any party ... which establishes that the position of the United States in the proceeding was not substantially justified...." *Id.* § 7430(c)(4)(A)(i). However, the position of the United States is "substantially justified" if it has a reasonable basis in law and fact. *See Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *Frey v. Commodity Futures Trading Commission,* 931 F.2d 1171, 1174 (7th Cir.1991).

On September 28, 1993, Judge Fitzpatrick denied plaintiff's motion for summary judgment. In that order, Judge Fitzpatrick held that "the determination of whether Mr. Wells is a responsible person hinges upon a factual determination of his degree of involvement in the company's financial structure ... [and] [w]hen examined in the light most favorable to the government the court cannot conclude as a matter of law that Mr. Wells lacked authority to make tax payments to the government...." (Order of Sept. 28, 1993.)

■ In light of the September 28, 1993 order, the court holds that the position asserted by defendant had a reasonable basis in law and fact. As Judge Fitzpatrick recognized, if the jury had accepted the version of the facts as set forth by the United States, the United States would have been entitled to judgment in its favor. Defendant set forth both evidence and legal authority sufficient to carry the case to the jury. Simply because a jury found in plaintiff's favor on an issue of disputed fact does not render defendant's position lacking in substantial justification. *See Wilfong v. United States,* 991 F.2d 359, 367 (7th Cir.1993).

Accordingly, plaintiff's application for fees and expenses is DENIED.

**SO ORDERED.**